**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:99-CR-0550-10-RWS |
| VINCENTE VARELA-COLON, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This case is before the Court for consideration of Defendant Vincente Varela-Colon's Motion to Compel Government to File a Rule 35(b) Motion [313]. After reviewing the entire record, the Court enters the following Order.

On September 6, 2001, following entry of a guilty plea to Count One of the Second Superseding Indictment, the Court sentenced Defendant to serve 96 months in the custody of the Bureau of Prisons followed by 5 years of supervised release. After he was sentenced, Defendant was contacted by the Government to testify in the case of United States v. Hubbard, Case No. 1:02-CR-045 in the Northern District of Georgia. Defendant contends that AUSA Mike Brown and AUSA Stephanie Gabay-Smith stated that they would file a

AO 72A
(Rev.8/82)

Rule 35(b) motion if Mr. Colon provided truthful testimony at the trial of Mr. Hubbard and others.  The Government contends that there was no agreement reached but that Defendant was proceeding in compliance with his original Plea Agreement that required him to provide truthful cooperation and testimony.

The parties agree that Defendant did testify at the Hubbard trial. However, the Government asserts that it learned new information following Defendant's testimony from which it concluded that Defendant did not testify truthfully.  Therefore, the Government did not file a Rule 35(b) motion on behalf of Defendant and asserts that no hearing is required for the Court to deny Defendant's present Motion.

"Determining whether a motion for reduction of sentence will be filed is reserved to the government, which must ascertain what information the defendant has as well as the truthfulness and usefulness of this information before deciding whether it is appropriate to file. . .a Rule 35(b) motion." U.S. v. Orozco, 160 F.3d 1309, 1315-16 (11th Cir. 1998).  "[F]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that a refusal was based on an unconstitutional motive." Wade v. U.S., 504 U.S. 181, 185-86, 112 S. Ct. 1840,

2

1843-44, 118 L.Ed.2d 524 (1992). A defendant also "would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end." Id. at 186. Defendant has made no allegations nor offered any evidence to support either of these grounds. Thus, the Court finds that Defendant is not entitled to the relief he seeks.

Further, the Court finds that an evidentiary hearing is not required. "[T]he defendant must first put forth evidence of bad faith before the Government's duty to respond, and defendant's right to reply, are triggered." U.S. v. Gonsalves, 121 F.3d 1416, 1420 (11th Cir. 1997). When a defendant fails to offer such evidence, he is not entitled to an evidentiary hearing. Wade, 504 U.S. at 186; U.S. v. Holston, 129 Fed. Appx. 563 (11th Cir. 2005).

The parties agree that any benefit to which Defendant is entitled is conditioned on his testifying truthfully. Thus, the only issue is whether Defendant testified truthfully at the Hubbard trial. Because the determination of that issue is reserved to the Government, Defendant is not entitled to an evidentiary hearing. Having concluded that Defendant was not truthful, the Government may not be compelled to file a Rule 35(b) motion.

3

Therefore, Defendant's Motion [313] is hereby **DENIED**.

**SO ORDERED** this  22nd  day of January, 2008.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)